1  Robert A. Bleicher (SBN 111334)
   Andrew T. Caulfield (SBN 238300)
2  HOLLAND & KNIGHT LLP
   50 California Street, 28th Floor
3  San Francisco, California  94111
   Telephone:  (415) 743-6900
4  Facsimile:  (415) 743-6910
   robert.bleicher@hklaw.com
5  andrew.caulfield@hklaw.com

6  Attorneys for Defendant
   AMERICAN GENERAL FINANCE
7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10  **SACRAMENTO DIVISION**

11

12  SANDRA BATISTE,                         Case No. 2:08-CV-00378-GEB-EFB

13      Plaintiff,                          **STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND ORDER**

14      v.

15  NATIONAL INFORMATION SERVICES,
    AMERICAN GENERAL FINANCE,
16
        Defendants.
17

18

19
    **STIPULATION RE: ENTRY OF PROTECTIVE ORDER**
20

21      Disclosure and discovery activity in this action are likely to involve production of

22  documents that might contain trade secret or other proprietary and confidential research,

23  development or other commercial information for which special protection from public disclosure

24  and from use for any purposes other than prosecuting this litigation would be warranted.

25  Accordingly, and pursuant to Fed. R. Civ. P. 26(c)(1), Plaintiff SANDRA BATISTE ("Plaintiff")

26  and Defendant AMERICAN GENERAL FINANCE ("AGF") (collectively "the Parties") hereby

27  stipulate to and petition the court to enter the following Stipulated Protective Order:

28

# **PROTECTIVE ORDER**

In order to provide a procedure to preserve and maintain the confidentiality of certain documents to be produced by the Parties in the above captioned action or otherwise made available by the Parties, it is hereby ORDERED that:

1. Documents to be produced by the Parties during discovery in this litigation might contain trade secret or other proprietary and confidential research, development or other commercial information which are lawfully entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c). These documents are hereinafter referred to as "Confidential Documents." Except as otherwise indicated below, all documents that Plaintiff and AGF have designated as "Confidential" or "Subject to Protective Order" that are produced by Plaintiff or AGF, or otherwise obtained by the parties or their respective attorneys, consultants, agents, or experts in this action shall be given confidential treatment as described herein.

2. Confidential Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any government entity without request for confidential treatment.

3. Within fifteen (15) days from the date of receipt (or notification only as set forth subsection (a) below) of any document marked as a Confidential Document by the producing party, any party may give notice to the other parties that it contends that the document has been erroneously marked as a Confidential Document and not deserving of protection as confidential. The producing party shall then have fifteen (15) days from the date of such notice to file a motion with the Court seeking an order confirming that the subject document is confidential and protected from disclosure. In the event that such a motion is timely filed, the document at issue will remain confidential and subject to the provisions of this agreement as it relates to Confidential Documents until the Court rules on the motion, or the motion is withdrawn.

*Such motions shall be made pursuant to Fed. R. Civ. P. 26(c)(motion for protective order), and shall be subject to the notice and briefing requirements of E.D. Cal. L.R. 37-251.*

4. Confidential Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone, including dissemination to document depositories of any type, for any purpose whatsoever, other than as is required for the preparation and trial of this action. Except as provided in the paragraphs below, all parties shall keep all Confidential Documents and the material contained therein confidential from all persons.

5. Except with the prior written consent of the producing party or upon further Order of this Court, the parties or their representatives shall show Confidential Documents, and shall disclose the contents thereof, only to the following persons (hereinafter referred to as "Qualified Persons"):

(a) The Parties (including their officers);

(b) Counsel of record in this action;

(c) The Parties' in-house counsel;

(d) Employees of any party's counsel (including in-house counsel) assigned to and necessary to assist such counsel in the preparation of trial of this action;

(e) Independent experts and consultants retained by a party whose assistance is necessary for the preparation of trial of this specific action, provided that no such disclosure shall be made to any person employed by any competitor of AGF except upon further Order of this Court; and

(f) The Court and its personnel.

6. Before being given access to any Confidential Document, each Qualified Person to whom any party or their representatives intend to deliver, exhibit, or disclose any Confidential Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by its terms. The parties' counsel of record, and their in-house counsel, including Employees identified in Paragraph 5 (d), are not required to execute Exhibit A.

7. Any party who is in receipt of a Confidential Document shall keep records of all copies of each Confidential Document distributed, in whole or in part, to Qualified Persons, and a record of the names of such Qualified Persons. Any copy of any Confidential Document so distributed shall be returned to counsel for the party who originally produced the Confidential Document after the completion of the Qualified Person's consultation or representation in this case.

8. To the extent that any Confidential Document or information obtained therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Confidential Documents or information. Any time any Confidential Document is used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

9. All documents that are filed with the Court that contain any portion of any Confidential Document or information taken from any Confidential Document shall be filed with the Court in accordance with the procedures set forth in Local Rule 39-141.

10. Promptly after the conclusion of this action, all Confidential Documents, all copies thereof, and all excerpts therefrom (not including excerpts contained in attorney work product) shall be returned to counsel for the party that originally produced the Confidential Document.

11. The parties to this action, their counsel, and experts or any other person retained by them to assist in the preparation of this action shall not under any circumstances sell, offer for sale, advertise, or publicize the contents of the Confidential Documents or the fact that they have obtained confidential documents.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the

1 Confidential Documents for enforcement of the provisions of this Order following termination of
2 this litigation.

    13.    This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

**IT IS SO STIPULATED.**

Dated:  February 9, 2009                    HYDE & SWIGART


                                            /s/  Joshua B. Swigart
                                            Joshua B. Swigart
                                            Robert L. Hyde
                                            Attorneys for Plaintiff
                                            SANDRA BATISTE


Dated:  February 13, 2009                   HOLLAND & KNIGHT LLP


                                            /s/  Andrew T. Caulfield
                                            Robert A. Bleicher
                                            Andrew T. Caulfield
                                            Attorneys for Defendant
                                            AMERICAN GENERAL FINANCE


**As modified above, it is so ordered.**

DATED:  February 23, 2009

                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

# **EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Eastern District of California on _____, in the case of *Batiste v. National Information Services, et al.* (Case No. 2:08-CV-00378-GEB-EFB).  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I hereby consent to the jurisdiction of this Court for the purposes of enforcing this Order.

I declare under penalty of perjury that the foregoing is true and correct and that this Agreement is executed this ___ day of _____, at _____.

By:_____

Address:_____

_____

Phone:_____

# 6003939_v1