IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| SANDRA BATISTE,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN GENERAL FINANCE,<br><br>        Defendant. | 2:08-cv-00378-GEB-EFB<br><br>ORDER* |

        Defendant American General Finance ("AGF") moves for summary judgment on all of Plaintiff's claims. Plaintiff alleges a federal claim under the Fair Debt Collection Practices Act ("FDCPA") which confers federal question jurisdiction, and alleges numerous state claims over which supplemental jurisdiction is exercised under 28 U.S.C. § 1367. For the reasons stated below, Defendant's motion will be granted on the federal claim and the court declines to continue exercising supplemental jurisdiction over Plaintiff's state claims.

///

///

---

    *    This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

DISCUSSION

Plaintiff alleges in her complaint that Defendant is exposed to liability under the FDCPA as a debt collector since Defendant "in the ordinary course of business, regularly, on behalf of [itself] or others, engages in debt collection." (Compl. ¶¶ 3, 15.) However, Defendant shows in its motion that it is a creditor and therefore not liable under the FDCPA as Plaintiff alleges. (Def's Mot. 2:6-8.)

To be held liable under the FDCPA, a defendant must fall within the FDCPA's definition of "debt collector." 15 U.S.C. § 1692k; Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (stating that the FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." (citing 15 U.S.C. § 1692-1692o)); see also, Romine v. Diversified Collection Servs., 155 F.3d 1142, 1146 (9th Cir. 1998)(discussing the definition of "debt collectors" under the FDCPA).Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009)(stating that a "'creditor' is not a 'debt collector' under the FDCPA" and thus not liable under this statute) (internal citations omitted); Oei v. N. Star Capital Acquisitions, LLC, 486 F.Supp. 2d 1089, 1097 (C.D. Cal. 2006) (finding the "'distinction between creditors and debt collectors is fundamental to the FDCPA,' because the Act 'does not regulate creditors' activities at all;'" a debt collector regularly collects debts on behalf of others, not its own debt)(citing Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004)). The FDCPA was enacted to combat "abusive, deceptive, and unfair debt collection practices". 15 U.S.C. §1692(a)-(e).

A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business

Case 2:08-cv-00378-GEB-EFB   Document 37   Filed 08/21/09   Page 3 of 6

the principal purpose of which is the collection of any debts," or alternatively, a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  The term "debt collectors" specifically "does *not* include any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  Id. § 1692a(6)(A) (emphasis added).  A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ."  Id. § 1692a(4).  One exception exists for creditors, however, who may be held liable as "debt collectors" if "in the process of collecting [their] own debts, [they] us[e] any name other than [their] own which would indicate that a third person is collecting or attempting to collect such debts."  Id. § 1692a(6).

Defendant provides a Declaration from Lisa Wagner (a district manager for Defendant) in support of its position that it is not a debt collector, in which Wagner avers that "at all times AGF has been, and is, the lender, secured party, and owner of the [loan between Plaintiff and Defendant]."  (Def's Mot. 5: 15-17; Def's Statement of Undisputed Facts ("SUF") ¶ 6; Wagner Decl. ¶ 8.) Defendant argues "AGF's principal business is not debt collection" and supports this position with a portion of Wagner's declaration, in which she declares: "during the course of my 32 years of my employment, AGF has been a major issuer of consumer loans in the United States . . . AGF's principal business is not debt collection, although when it becomes necessary, AGF does attempt to collect its overdue debts."  (Def's SUF ¶ 14; Wagner Decl. ¶ 5.)

Plaintiff does not dispute Defendant's position that it "has

been, and is, the lender, secured party, owner and creditor" of the loan between Plaintiff and Defendant. (Pl.'s SUF ¶ 6.) Plaintiff counters, however, that "AGF in its regular course of business, sends employees out on field calls to visit client's houses and collect debts owed," and therefore falls under the definition of "debt collector" as prescribed in the FDCPA, even if Defendant is also a "creditor." (Pl.'s SDF ¶ 20.) Plaintiff relies on Wagner's following deposition testimony as support for this position:

> Q Okay, that was probably a bad question. Beside the phone number – besides the phone calls, besides the additional letter that are being sent out, are there any other means in which the -- American General takes to try to bring the account current?
> A Yes, there are.
> Q Okay. And what are those?
> A Actual visits to the home.
> Q Okay. And is there a standard policy as to the frequency of those visits?
> A No, there's not.
> Q Is there any guidance as to how those, the frequency of those visits would be determined?
> A No.
> Q Who makes the decision generally on if and when a visit to the home should take place?
> A The branch manager.
> Q. It's up to him or her, the branch manager, to send someone out or not?
> A In most cases.
> Q. Okay. And the visits to the home, I know you guys probably do a lot of auto loans, are those visits handled in-house, meaning is an employee from American General sent out there, or is that sent to a third party?
> A. An employee from American General does the field call to the home.
> [. . .]
> Q. Okay. And the purpose of the field call is what?
> A. To make contact with the customer to work out payment solutions.
> Q In person?
> A Yes.

(Wagner Depo. on March 26, 2008 27:17 - 29:3.)  This deposition testimony, however, fails to support Plaintiff's position that Defendant is a "debt collector," because by definition, "debt

collectors" collect the debt of others, not their own debts.

Under the FDCPA, the only instance in which a creditor may be liable as a "debt collector" is when a creditor uses names other than its own, such as third-party names, to collect its own debts. 15 U.S.C. § 1692a(6). Plaintiff concedes that "because no evidence has surfaced that would support Plaintiff's original belief that Defendant AGF was representing itself as Defendant NIS, [a Defendant no longer party to this suit,] Plaintiff cannot, in good faith, put forth a legal argument any longer that AGF was falsely purporting to be a third party debt collector, that is, NIS, and withdraws any such argument." (Pl.'s Opp'n at 12: 19-23.)

Since Plaintiff has not controverted Defendant's showing that it not exposed to liability under the FDCPA, Defendant's summary judgment motion on this claim is granted.

When the basis for federal question jurisdiction no longer exists, the Court has discretion to decide whether supplemental jurisdiction should continue being exercised over pending state claims. Under 28 U.S.C. § 1367(c)(3), the district court "may decline to exercise supplemental jurisdiction over a claim" if the "court has dismissed all claims over which it has original jurisdiction . . . ." The exercise of this dismissal discretion is based on considerations of judicial "economy, convenience, fairness, and comity." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991). The Court finds that litigation of Plaintiff's state law claims is not adverse to the interest of judicial economy since those claims have not yet been analyzed in this case. Further the comity factor weighs decisively in favor of dismissal since "[n]eedless decisions of state law should be avoided as a matter of comity."

Hoeck v. City of Portland, 57 F.3d 781, 785 (9th Cir. 1995) (internal citation omitted); Les Shockley Racing v. National Hod Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989)(stating when federal claims are eliminated before trial, district courts should ordinarily decline to exercise supplemental jurisdiction).  Therefore, Plaintiff's state law claims are dismissed without prejudice.

Dated:  August 20, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge